UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BILLY CEPERO,<br><br>　　　　　　Petitioner,<br>　　v.<br>BRIAN WILLIAM, et al.,<br><br>　　　　　　Respondents. | Case No. 2:14-cv-01396-MMD-GWF<br><br>ORDER |

This habeas petition is before the Court pursuant to the order to show cause that petitioner has exhausted state remedies (dkt. no. 4). The Court directed petitioner to show cause and file such proof as he may have that his appeal of his state postconviction petition to the Nevada Supreme Court has been decided. *Id.* Petitioner responded to the show-cause order by filing a motion for a stay of these federal proceedings until his state habeas petition is resolved (dkt. no. 6).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding

the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Petitioner's current federal petition raises on its face the question of whether it is timely as well as whether the claims are exhausted (*see* dkt. no. 5). A state court decision on the merits would impact the calculation of the AEDPA statute of limitations in this case because if the state court finds that petitioner had good cause to overcome the procedural bars of NRS § 34.810, the state postconviction habeas petition would be considered "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) and would toll the AEDPA statute of limitations. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 2005), the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. *See also Rudin v. Myles*, 766 F.3d 1161, 1174 (9th Cir. 2014). In this regard, petitioner's *pro se* federal petition (dkt. no. 5) was appropriately filed as a protective petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Specifically, having

2

conducted an evidentiary hearing, the state district court dismissed petitioner's state postconviction petition as time-barred. Petitioner claims that he retained two different attorneys who each failed to file anything in his state case (dkt. no. 5). The Nevada Supreme Court's adjudication of petitioner's appeal of the denial of his postconviction petition may have several effects on the instant case. Accordingly, a stay and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Currently, the Court has no indication that petitioner engaged in dilatory litigation tactics. This Court thus concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*. Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

Petitioner has also filed a motion for appointment of counsel (dkt. no. 2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

Here, the Court finds that the motion for appointment of counsel is premature. Petitioner will need to file a motion to re-open the case after his state postconviction proceedings have concluded. Further, petitioner shall file a motion to file an amended petition and attach a proposed amended petition. Such amended petition shall clearly and concisely set forth the factual basis for his claims, as well as demonstrate that the petition is timely and that his claims are exhausted. At that time, petitioner may file a second motion for appointment of counsel if he is able to demonstrate that the

1 complexities of his case are such that a denial of counsel would amount to a denial of
2 due process. Accordingly, the motion for appointment of counsel is denied without
3 prejudice.

4     It is therefore ordered that petitioner's motion for issuance of stay and abeyance
5 (dkt. no. 6) of this federal habeas corpus proceeding is granted.

6     It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 2)
7 is denied without prejudice.

8     It is further ordered that this action is stayed pending final resolution of
9 petitioner's postconviction habeas petition.

10     It is further ordered that the grant of a stay is conditioned upon petitioner
11 returning to federal court with a motion to reopen the case within forty-five (45) days of
12 the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the
13 state court proceedings on the postconviction habeas petition.

14     It is further ordered that the Clerk shall administratively close this action, until
15 such time as the Court grants a motion to reopen the matter.

16     DATED THIS 11th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE