UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BILLY CEPERO,<br><br>    Petitioner,<br>v.<br>BRIAN WILLIAMS, *et al.,*<br><br>    Respondents. | Case No. 2:14-cv-01396-MMD-GWF<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Billy Cepero's counseled, first-amended petition as untimely (ECF No. 22). Cepero opposed (ECF No. 25), and respondents replied (ECF No. 26). As discussed below, this petition must be dismissed as untimely.

**I.    BACKGROUND**

A jury convicted Cepero of count 1: resisting public officer; count 2: discharging firearm within a structure; count 4: carrying a concealed weapon or other deadly weapon; count 5: possession of firearm by ex-felon; and not guilty of count 3: battery on an officer with use of a deadly weapon (Exh. C).[1] The state district court sentenced Cepero to four concurrent terms of life with the possibility of parole. *Id.* Judgment of conviction was entered on August 27, 2010. *Id.*

---

[1] Exhibits referenced in this Order are attachments to petitioner's first-amended petition (ECF No. 18) and exhibits to respondents' motion to dismiss (ECF No. 22), which are found at ECF No. 23.

Cepero, through counsel, filed a notice of appeal of October 21, 2010. (Exh. D.) On March 17, 2011, the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction. (Exh. E.)

On June 24, 2014, Cepero filed a counseled state postconviction petition. (Exh. K.) The state district court denied the petition, and the Nevada Supreme Court affirmed the denial of the petition on October 19, 2015. (Exhs. N, T.)

Cepero dispatched his federal habeas petition for mailing about August 12, 2014 (ECF No. 1-1). On March 11, 2015, the Court granted Cepero's motion for stay and abeyance pending the final resolution of his state-court proceedings (ECF No. 8). The Court granted Cepero's motion to reopen the case on October 3, 2016, and Cepero filed a counseled, first-amended petition (ECF No. 18). Respondents have moved to dismiss the petition as time-barred (ECF No. 22).

## II. LEGAL STANDARD — STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at

2

1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

## III. INSTANT ACTION

Cepero alleges five federal grounds for habeas relief:

> Ground 1: Cepero is entitled to a new trial because a juror slept through portions of the trial in violation of Cepero's Fifth and Fourteenth Amendment rights (ECF No. 18, pp. 8-10).
>
> Ground 2: Cepero is entitled to a new trial because the State introduced improper bad act evidence in violation of his Fifth, Sixth, and Fourteenth Amendment rights. *Id.* at 10-12.
>
> Ground 3: Cepero's trial counsel failed to communicate plea offers in violation of Cepero's Eighth Amendment rights. *Id.* at 12-13.
>
> Ground 4: Cepero did not receive proper credit for time served pending trial in violation of his Fifth, Sixth, and Fourteenth Amendment rights. *Id.* at 13.
>
> Ground 5: Trial counsel provided ineffective assistance because he failed to investigate the case. *Id.* at 14-16.

Cepero's thirty-day period to file a notice of appeal from his judgment of conviction with the Nevada Supreme Court expired on September 27, 2010. *See* NRAP 4(b)(1)(A); (Exh. 53). The AEDPA one-year statute of limitations thus began to run on September 27, 2010. Cepero filed a notice of appeal on October 21, 2010. (Exh. D.) On December 2, 2010, the Nevada Supreme Court suspended briefing and ordered Cepero's counsel to demonstrate that the appeal should not be dismissed for lack of jurisdiction. (Exh. W.) As noted earlier, on March 17, 2011, the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction. (Exh. E.) Remittitur issued on April 12, 2011. (Exh. Y.) As no properly filed appeal was pending, no time is tolled between the time Cepero filed his untimely notice of appeal and the date the Nevada Supreme Court dismissed the appeal.

3

The AEDPA one-year deadline expired on September 27, 2011. On June 24, 2014, Cepero filed a counseled state postconviction habeas petition. (Exh. K.) On January 12, 2015, the state district court dismissed his petition as untimely and without a showing of good cause and prejudice to excuse his late filing. Cepero timely appealed. (Exh. N.) Cepero again argued to the Nevada Court of Appeals that his attorneys' neglect was good cause to excuse the untimely filing of his state petition, that the court should adopt equitable tolling, and that he was entitled to an evidentiary hearing. (Exhs. O, S.) The court of appeals affirmed the judgment of the lower court, concluding that Cepero's claim of ineffective assistance of appellate counsel was procedurally barred because it was reasonably available to be raised in a timely petition, and therefore, did not constitute cause for his untimely petition. (Exh. T.)

This federal petition is, therefore, time-barred, unless Cepero can demonstrate that he is entitled to equitable tolling of the AEDPA statute of limitations.

In his first-amended petition, Cepero states that he "suffered a myriad of unfortunate deficiencies pertaining to his legal defense" (ECF No. 18 at 17). He alleges that he retained "several" attorneys who failed to properly represent him. (*Id.*) In his opposition to the motion to dismiss, he states, without elaboration, that he was essentially abandoned by numerous attorneys (ECF No. 25 at 3). He asserts that when his counsel failed to file anything in state court on his behalf, he filed motions to obtain a complete copy of his file in order to prepare a state postconviction habeas petition. (*Id.*)

The Nevada Supreme Court dismissed Cepero's untimely appeal on March 17, 2011. The record reflects that Cepero filed a motion for production of documents on June 15, 2011, and another one on September 16, 2011. (Exhs. F, G.) On October 30, 2012, Cepero filed a motion for enlargement of time to file a state postconviction petition, which the state district court denied. (Exhs. QQ, J.) Both the AEDPA and state statutes of limitations had long run by October 2012.

Cepero sets forth no specific factual allegations about who he retained as counsel or when he retained them, nor has he described specifically any attempts to contact

4

counsel or any representations counsel made with respect to filing any documents on Cepero's behalf. Respondents point out that the record reflects that Michael Sanft represented Cepero at trial and that Sanft failed to file a timely direct appeal. (Exh. Z.) In Sanft's response to the Nevada Supreme Court's show-cause order regarding the untimeliness of the appeal, he stated that he did not receive a copy of the judgment of conviction and that he checked the court's online docket entries which showed that no judgment of conviction was entered. (Exh. AA.) Thomas Michaelides substituted in for Sanft on February 22, 2011. (Exh. BB.) Thereafter, on March 17, 2011, the appeal was dismissed as untimely. (Exh. E.) In the order dismissing the appeal, the Nevada Supreme Court noted that to "assert an appeal deprivation claim, appellant must file a timely petition for a writ of habeas corpus in accordance with the provisions of NRS 34.720 to 34.830. NRAP 4(c)(1)(A). We express no opinion as to the merits of any such claim." *Id*. at n.1.

But instead of filing a state postconviction habeas petition, Cepero filed the following, *pro se*:

(1) June 15, 2011, motion for production of documents related to Sanft (Exhs. EE, FF);

(2) July 14, 2011, motion for amended judgment of conviction to include jail time credits (Exh. GG);

(3) August 3, 2011, motion for production of documents related to the district attorney providing him documents and photographs (Exh. II); and

(4) August 24, 2011, motion for transcripts at state expense (Exh. JJ).

On August 27, 2011, the one-year state statute of limitations expired. Cepero thereafter filed the following, *pro se*:

(1) September 7, 2011, motion for amended judgment of conviction to include jail time credits (Exhs. KK, LL); and

(2) September 16, 2011, motion for production of documents (Exh. MM).

The AEDPA one-year statute of limitations expired on September 27, 2011. Cepero thereafter filed the following, *pro se*:

5

(1) May 24, 2012 motion for legal copies (Exh. NN);

(2) July 2, 2012, motion to extend copywork limit (Exh. OO);

(3) October 23, 2012, motion to compel counsel Michaelides to provide his case file (Exh. PP); and

(4) October 30, 2012, motion for a 90-day extension of time to file and serve his state postconviction petition (Exh. QQ).

About one and one-half years later, on June 24, 2014, Cepero filed a state postconviction petition through counsel Christopher Oram. (Exh. K.)

Cepero simply has not met the very high threshold to demonstrate that he is entitled to equitable tolling. First, Sanft's failure to file a timely appeal is akin to a "simple miscalculation" that courts have characterized as "a garden variety claim of excusable neglect." *Holland*, 560 U.S. at 651 (internal citations and quotations omitted); *see also Spitsyn*, 345 F.3d at 799-801. Moreover, Cepero has not demonstrated that he diligently pursued his rights. The Nevada Supreme Court specifically stated in its order dismissing the untimely appeal that a claim for deprivation of right to appeal should be raised in a timely state postconviction petition. And while Cepero thereafter filed motions for production of his case file, he then filed numerous other *pro se* motions, including motions to amend the judgment alleging miscalculation of time served. He did not, however, file a state postconviction petition until well over three years later. He only argues generally that he did not file a petition because his attorneys were deficient. Cepero has failed to demonstrate that his petition should not be dismissed as untimely.

Accordingly, respondents' motion to dismiss this petition as time-barred is granted. This petition is dismissed with prejudice.

**IV.    CERTIFICATE OF APPEALABILITY**

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within

///

6

the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in dismissing Cepero's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

It is therefore ordered that respondents' motion to dismiss the petition (ECF No. 22) is granted as set forth in this order. The petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied.

IT is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 22nd day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE