UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BILLY CEPERO,

                       Petitioner,

    v.

BRIAN WILLIAM, *et al.*,

                     Respondents.

Case No. 2:14-cv-01396-MMD-GWF

ORDER

On January 22, 2018, this Court granted Respondents' motion to dismiss Billy Cepero's 28 U.S.C. § 2254 habeas corpus petition as time-barred (ECF No. 32), and judgment was entered (ECF No. 33). Subsequently, Cepero filed three motions, including a motion for reconsideration (ECF Nos. 34, 36, 39). On November 5, 2018, the Court struck these documents because Cepero filed them *pro se* despite being represented by counsel (ECF No. 41).

The same day the Court struck Cepero's *pro se* filings, counsel for Petitioner moved to withdraw (ECF No. 42). Counsel explains that he was retained by Cepero to file a motion to reopen the case and to file an amended petition, which he did. Counsel also litigated Respondents' motion to dismiss. He states that he has fulfilled his obligations to Cepero, notes that Cepero had filed *pro se* documents, and seeks to withdraw. Good cause appearing, the motion to withdraw is granted.

Cepero has not indicated any objection to his counsel's withdrawal. After the motion to withdraw was filed, Cepero filed a motion requesting that, in light of his counsel's withdrawal, the *pro se* motions be placed back on the docket (ECF No. 43). Good cause appearing, the motion is granted. This Court's order dated November 5, 2018, striking the three motions, is vacated. Cepero's motion for extension of time to file a reply in support

of his motion to present additional supporting evidence (ECF No. 39) is granted *nunc pro tunc*, as he has since filed the reply.

The Court now considers the motion for reconsideration (ECF No. 34). Cepero also filed a motion to present additional evidence to support the motion for reconsideration (ECF No. 36). Respondents opposed both (ECF No. 35, 37), and Cepero filed replies (ECF No. 38, 40).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district

court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

Here, in his motion for reconsideration, Cepero refers to the amended judgment of conviction (ECF No. 34 at 15-17 (Ex. B to the motion for reconsideration).) The amended judgment of conviction was not part of the state-court record Petitioner filed contemporaneously with his amended petition. Petitioner, Respondents, and the Court apparently all failed to take into account the amended judgment of conviction when calculating the AEDPA statute of limitations for the purposes of adjudicating the motion to dismiss. Cepero does not argue in his motion for reconsideration that the amended judgment of conviction affects the timeliness of his federal petition. In any event, the result is the same. The amended judgment of conviction was filed on December 10, 2012, and became final on January 9, 2013. Cepero took no action until almost 18 months later when he filed a state postconviction habeas petition in June 2014 (ECF No. 18-6 at 6 (Ex. K to the first amended petition)) and then a federal habeas petition in August 2014 (ECF No. 5). Thus, Cepero's federal petition was still untimely under the one-year AEDPA statute of limitations period.

Cepero does not actually argue in his motion for reconsideration that his petition was timely-filed or that he is entitled to equitable tolling. He merely re-argues the merits of claims regarding the calculation of jail credits and that his counsel was ineffective regarding a plea offer. He presents no new arguments and no basis for Rule 60(b) reconsideration. Accordingly, the motion is denied.

Cepero also filed a motion to present additional supporting evidence (ECF No. 36). Yet, the exhibits that he included are either already part of the record in this case, or are documents from his other state cases, or are printouts of docket sheets from his state cases. Respondents point out that no part of these exhibits constitutes newly discovered evidence that was previously unavailable (ECF No. 37). Thus, the motion is denied.

///

It is therefore ordered that counsel for Petitioner's motion to withdraw (ECF No. 42) is granted.

It is further ordered that Petitioner's motion to place *pro se* documents on the docket (ECF No. 43) is granted.

It is further ordered that this Court's order dated November 5, 2018, striking three *pro se* motions (ECF No. 41) is vacated.

It is further ordered that Petitioner's motion for reconsideration (ECF No. 34) is denied as set forth in this order.

It is further ordered that Petitioner's motion to present additional supporting evidence (ECF No. 36) is denied.

It is further ordered that Petitioner's motion for extension of time (ECF No. 39) is granted *nunc pro tunc*.

DATED THIS 7th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE